31 C.C.P.A.(Patents)

### Application of HELMUTH.

### Patent Appeal No. 4771.

Court of Customs and Patent Appeals.
July 15, 1943.

Rehearing Denied Oct. 4, 1943.

Lewis W. Helmuth, pro se.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

Appellant here seeks review of the decision of the Board of Appeals of the United States Patent Office so far as it affirmed the decision of the examiner rejecting eleven claims of an application for patent for combination bathroom fixtures.

As finally passed upon by the examiner the application embraced sixteen claims, all of which he rejected as lacking invention over prior art cited. Upon appeal the board reversed the examiner as to five of the claims (numbered, respectively 12, 13, 24, 28, and 29) and these stand allowed. The claims on appeal are numbered 8, 10, 14, 15, 18 to 23, inclusive, and 25. While they are so worded that each claim has required individual study, No. 21 seems to embrace the principal structural features, and we here quote it: "21. A combination bathroom fixture including a bathtub having a high walled foot end and a low walled head end, a wash basin structure bridging the tub space and supported upon said high foot end of the tub, a basin cover with a mirror having a hinge extending along the basin structure from front to rear, a toilet bowl cover structure adjacent to the foot end of the tub having a low seat portion and an adjacent elevated portion connected to said basin structure adjacent said hinge, and said toilet cover structure having a leg recess between said low seat portion and said elevated portion whereby a user sitting upon said seat portion can position his knees in said recess and face the mirror."

The general description given by the board reads: "The claims relate to a device designated a combination bathroom structure. The assembly shown comprises a bathtub, a basin and a toilet. The bathtub portion of the device comprises a tub structure that is more shallow or has lower side walls at one end than at the other. There is disposed across the high end of the bathtub the structure including a wash basin, faucet and valve mechanism. The faucet and valve mechanism control flow of water to the basin or to the tub or to a shower head. A particular kind of universal mounting for the faucet permits it to be swung from cooperation with the basin, tub, and as a shower head respectively. A hinged cover is provided for the

basin structure and the cover carries a mirror. The toilet is so positioned with respect to the cover that it may serve as a convenient seat when the mirror is being used."

We also quote the following statement from the brief of appellant:

"This appeal concerns a re-arranged bathroom unit which effectively combines a bath tub, a lavatory basin and a water closet constructed in such a manner as to provide an additional piece of furniture for the bathroom. By appellant's novel re-arrangement and construction of the usual bathroom fixtures, they are made to provide a fourth fixture or extra piece of furniture without occupying any more space than any three fixture combination unit heretofore known. The construction and re-arrangement of this unit to provide the fourth shaving or vanity fixture, also provides the unit with fifth and sixth fixtures in the form of a concealed medicinal or cosmetic shelf, and a cabinet or clothes space or hamper arranged beneath the closure for the new shaving and vanity fixture.

"In addition to these six fixtures, the unit possesses the following conveniences and savings not possible with units heretofore known. A single combination water faucet is provided for the tub and basin and is universally mounted whereby it can be swung to a vertical erect position to provide a shower in the usual tub and can be swung to various vertical and horizontal positions above the tub and basin for hair washing. The invention is constructed from a few simple stampings united to provide maximum utility occupying minimum floor space."

The references cited are:

Mahlum, Des. 110,643, July 26, 1938.
Hale, 763,178, June 21, 1904.
Langley, 1,054,572, February 25, 1913.
Ayers et al., 1,763,209, June 10, 1930.
Druckenmiller, 1,901,151, March 14, 1933.
Leffland, 2,061,971, November 24, 1936.
Salomon (German) 217,092, December 17, 1909.

Concerning the allowed claims the board stated: "After careful consideration of the claims on appeal, it is our view that claims 12, 13, 24, 28 and 29 represent a novel combination of specific features constituting a patentable improvement over the state of the art as shown in the citations."

It will be observed that the foregoing is not specific as to the particular limitations of those claims which led the board to regard them as containing patentable novelty over the prior art. That, of course, is not a matter of any concern to the court, and we make reference to it only because a large portion of appellant's brief is devoted to a comparison of the allowed and rejected claims, and it is argued that the board's decision "is inconsistent with respect to the question of invention," and seemingly insists that the rejected claims should be allowed by us because of those allowed by the board.

It may be said that appelleant's brief seems to have been prepared by himself and that he appeared pro se and argued the case orally before us. We have no disposition to criticize the brief, but appellant seems to have overlooked, or else disregarded, the long-settled rule that the court determines the patentability of appealed claims rejected below on prior art by comparison with that art alone, and not by comparison of them with allowed claims. In re De Lany, 46 F.2d 370, 18 C.C.P.A., Patents, 924; In re Fischer, 47 F.2d 794, 18 C.C.P.A., Patents, 1076; In re Farrand, 49 F.2d 1035, 18 C.C.P.A., Patents, 1452; In re Randell, 67 F.2d 931, 21 C.C.P.A., Patents, 745; In re McCabe, 74 F.2d 758, 22 C.C.P.A., Patents, 877.

By reason of the fact that appellant overlooked or disregarded this rule, we have experienced some difficulty in following the argument made in his brief and in segregating the limitations emphasized therein as lending patentability over the prior art from those which he claims to be allowable because of matter in the allowed claims.

To take the claims one by one and quote therefrom and discuss each limitation which appellant emphasizes would extend this decision to a length which, in our opinion, the merits do not require. Many of them are repetitions of the same idea, describing the same structural features in phraseology which differs but has the same meaning. All the limitations have been carefully studied, and reference will be made to such of them as seem to merit discussion.

The following general statement taken from the brief of the Solicitor for the Patent Office is apt and pertinent: "While the appealed claims are of such a nature that it is advisable to consider them individually,

it should be noted throughout that appellant's device contains a large number of features which have no particular coaction with each other. Generally speaking, the toilet, lavatory and tub perform their old functions in the old way, unaffected by the presence of the other elements. It is immaterial, for example, so far as the toilet is concerned, whether there is a flange on the bath tub, or how such flange is formed. Similarly, the cover on the lavatory has no coaction with the tub and the faucet has no coaction with the toilet. While the claims have not been rejected as aggregative, the above-mentioned lack of coaction is important in determining the question of patentability, since the association of a number of old features in a single device is not patentable unless some new and unexpected coaction results from it."

In the brief of the Solicitor for the Patent Office the pertinent features of the references are summarized as follows:

"The Mahlum and Ayers et al. patents * * * show unitary bathroom fixtures comprising a toilet, lavatory, and tub. In Mahlum the lavatory extends over the foot of the tub.

*    *    *    *    *

"The Hale patent * * * shows a combination tub, lavatory and toilet in which the lavatory is between the other two elements and at the foot of the tub, and a swiveled faucet is arranged to deliver water to either the tub or the lavatory.

*    *    *    *    *

"The Druckenmiller patent * * * shows a combined tub and lavatory unit in which a portion of the lavatory element projects over one end of the tub, and a closet space is provided under the opposite portion of this element.

*    *    *    *    *

"The Leffland patent * * * shows a combined tub and lavatory fixture in which the lavatory extends over the foot of the tub. The lavatory and tub have a common drain pipe.

*    *    *    *    *

"This German patent * * * discloses the idea of providing a cover for a wash bowl. The drawing of this patent is not included in the record but since the patent is relied on only to show the use of the cover, and since this feature is clearly disclosed in the patent specification, the omission is not important.

*    *    *    *    *

"The Langley patent * * * discloses a shower outlet which is mounted for both angular and vertical adjustment."

The following general statement with respect to the examiner's rejection appears in an early part of the board's decision: "All the claims have been rejected in one instance as being unpatentable over Mahlum, Ayers et al or Druckenmiller, with the association of the German patent 217,092 in connection with some of the claims, and Leffland and Hale in connection with others."

Claim 8 has a limitation respecting the bending of the upper marginal edges in a manner to form a flange inside the tub, and another respecting a basin structure bridging the tub space at the high end of the tub, both of which are emphasized in appellant's brief. With the exception of the flange feature, the claim clearly reads on either Mahlum or Druckenmiller in both of which the foot end of the tub is higher than the other end, and is bridged by the basin. As for the flange feature, the Hale patent shows a flange turned outwardly, whereas appellant's flange is turned inwardly and downwardly. It is a common practice to form a flange by turning over the edge of a metal sheet, and we agree with the board that appellant's arrangement of this feature is "a matter of choice within the skill of those working in the art."

Claim 10, like claim 8, has a limitation (expressed in different phraseology) respecting the feature of a basin structure bridging the high end of the tub and also defines a portion of the lavatory element of the combination as an inclined portion extending from a horizontal portion to correspond with the low-walled and inclined portions of the tub. We think that whether the side walls of the lavatory are inclined or vertical is a matter of choice in designing, and agree that the arrangement described did not involve invention.

Claim 14 is similar to claim 10 with the added feature of a hinged cover for the lavatory. This feature is shown in the German patent.

Concerning claim 15 the board said: "Claim 15 is directed to a particular structure relating to the way the bathtub is formed as by welding together two struck-up sections together with a basin broadly made by stamping. While these features are admittedly not shown in the citations, it is believed to be no more than a matter of choice whether these parts are

formed of drawn or struck-up sheet metal and welded rather than apparently integral, drawn, stamping or even casting as shown by the citations. Certainly the particular method of forming the parts is not critical to the general association of the bathtub and basin such as set forth in claim 15."

In the brief of the Solicitor for the Patent Office it is pointed out that if the Druckenmiller tub were formed in two sections and welded along a longitudinal seam, it would anticipate claim 15, and in harmony with the holding of the board, as above quoted, it is, in effect, argued that since welding is a conventional method of forming sheet metal articles no invention is involved in this structure of appellant. While it is claimed by appellant that a certain reinforcement of the tub results from his welded structure, we are not convinced that the board was in error in its holding.

The emphasized limitation of claim 18 (not present in other claims already discussed) is that of a waste pipe common to the drain openings of the basin and the tub, a valve being supplied in connection with each opening together with means "for connecting the valves for simultaneous operation." The patent to Leffland shows a waste pipe common to a basin and a tub, but does not show drain valves connected for simultaneous operation. Since it is a matter of choice whether the valves be operated simultaneously it would seem to be an obvious expedient to provide appellant's connection, if desired.

Claim 19 has the feature of a common faucet to serve both the basin and the tub, fixable at various heights and distances over the tub and basin. Hale shows a swiveled faucet for serving both the tub and the basin, and Langley shows a shower outlet mounted for both angular and vertical adjustment. It is not thought that it involved invention to make appellant's faucet fixable as described.

Claim 20 defines the arrangement whereby a person sitting upon the toilet cover may use the basin from such sitting posture, a "leg recess" being arranged in the bowl-cover structure. We think the patents of both Hale and Ayers et al. show an arrangement in which the basin may be readily used by a person sitting on the toilet cover, and see no invention in the provision of appellant's leg recess.

Claim 21 is similar to claim 20 with the addition of the mirror feature in the hinged-basin cover. It is difficult to discern wherein invention was involved in equipping the cover with a mirror. It is noted that the examiner held that the addition of the mirror "is deemed merely to render the claim aggregative."

With respect to claims 22 and 23 the board said: "We have trouble in identifying the details as to the toilet bowl cover constituting the subject of claims 22 and 23. However, as far as understood, these claims merely set forth the conception of so shaping parts of a toilet and adjacent structure as to provide undercut and leg recesses. This is not regarded as constituting invention. This sentence is so broadly stated that it is only an arrangement of parts to allow mere clearance for the legs and feet in connection with the seat and adjacent structure."

We have examined appellant's discussion of those claims with much care and, so far as we can determine, he does not challenge the board's interpretation of them. We see no reason for questioning that interpretation and we agree with the board's conclusion concerning them.

The limitations emphasized in claim 25 are nothing more than repetitions (in different phraseology) of limitations which have been discussed and passed upon in connection with other of the appealed claims, and they require no further notice.

We are not convinced that the board erred in affirming the examiner's rejection of the appealed claims, and its decision is affirmed.

Affirmed.

LENROOT, Associate Judge, took no part in the consideration or decision of this case.